Coös,
June, 1895.

LEBARGE v. BERLIN MILLS CO.

68  373
71  295

A master is not bound to so construct a staging that it may safely be taken down without the exercise of care; and where the evidence shows a proper construction, and that the accident resulted from the negligence of fellow-servants, a nonsuit is rightly ordered.

CASE, for personal injuries received by the plaintiff while in the employ of the defendants, by the falling upon him of a piece of blocking timber. At the time of the accident, the plaintiff was at work upon a wooden tank located in the basement of the defendants' mill, then in process of building, upon which a large number of workmen were employed under the superintendence of one Norcross. The blocking in question was laid along and upon the south sill of the mill, and upon the blocking there was a temporary plank flooring, extending northerly some twenty feet and constituting a staging which was adequate for the purposes for which it was intended and had been used. The blocking was not nailed or otherwise fastened to the sill. While the flooring was being removed by some of the workmen, the blocking was drawn or caused to fall off the sill upon the plaintiff, who was thereby injured. The staging was put up and taken down by order of the superintendent. The court ordered a nonsuit, and the plaintiff excepted.

*Twitchell & Libby*, for the plaintiff.

*Drew, Jordan & Buckley* and *Robert N. Chamberlin*, for the defendants.

WALLACE, J. The question whether the nonsuit was properly ordered depends upon "not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it." *Paine* v. *Railway*, 58 N. H. 611, 614; *Jaques* v. *Company*, 66 N. H. 482.

The staging was properly constructed. It was adequate for the purposes for which it was used and intended. The safety of the structure for its actual and intended uses did not require that the blocking should be nailed to the sill. The accident happened in taking it down. There was nothing about its construction which would make the act of taking it down dangerous, if due care was exercised. The defendants were not bound to so construct the staging that it would be safe for a careless or negligent person to take it down. Neither would the nailing of

the structure have prevented an accident resulting from its being taken down in a careless manner. There is no evidence that the defendants, or any one acting for them, gave any orders that the structure should be removed in a particular manner. It is evident that workmen taking down a temporary staging of the character of this must know that it is not nailed, or, in the exercise of ordinary care, should know it. Yet, manifestly, the carelessness consisted in the pulling off the planks from the blocking in such a way as to cause it to fall upon the plaintiff. This was the carelessness of a fellow-servant. The case does not disclose any evidence of negligence on the part of the defendants. If there was any negligence, it was either that of the plaintiff himself, in standing beneath the structure when it was being taken down, or of his fellow-servants in taking it down, for neither of which are the defendants answerable. The nonsuit was properly ordered.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.