Grafton,
March 6, 1906.

## HATCH v. PIKE MANUFACTURING CO.

A master is bound to make repairs which require special skill and are not incidental to the use of appliances furnished by him, and is liable to his servant for injuries resulting from the negligent performance of such duty by another employee to whom it was entrusted.

CASE, for negligence.   Trial by jury and verdict for the plaintiff.   The defendants' motion for a nonsuit was denied, subject to exception.   Transferred from the September term, 1905, of the superior court by *Stone*, J.

For three years prior to his injury the plaintiff was employed by the defendants to transfer freight between their manufacturing establishment and the railroad station.   In this service he was required to use a freight elevator in their mill.   On the day of the accident the elevator fell while it was being loaded, because the drum carrying the suspension rope became loose upon its shaft, and the plaintiff was injured.   The elevator, its equipment, and the method of operation were the same on that day as during the three years of the plaintiff's employment, except that the flanges by which the drum was attached to the shaft, which had been broken, were replaced by others the day before.   This repair was made by the servants of the defendants employed for such work.   The new flanges were secured to the shaft in the same manner as the old ones, except that the holes in them were tapped

out a thirty-second of an inch larger than the set-screws used; and there was evidence that the loosening of the drum upon the shaft was due to this fact. The larger tap was used because the men engaged upon the repairs did not have one of the proper size. There was evidence that it was the custom of the defendants' servants, if they lacked suitable tools, to borrow such as were needed from a neighboring concern, and that this fact was known to the defendants' superintendent. The plaintiff was without fault.

*Harry L. Heald*, for the plaintiff.

*Alvin F. Wentworth*, for the defendants.

PARSONS, C. J. It will not be necessary to consider the somewhat original position taken by counsel, that the master's failure to object to the borrowing of suitable appliances of others by his servants is, as matter of law, furnishing such appliances by the master. On the evidence it might be found that the injury was due to the negligent repair of the elevator machinery. Repair such as was made in this case is the duty of the master, because it requires special skill and knowledge and is no part of the use of the machine. *McLaine* v. *Company*, 71 N. H. 294, 296; *Jaques* v. *Company*, 66 N. H. 482, 484. Negligence of the individual making such repair was therefore a breach of the master's duty and negligence of the defendants, and not merely the negligence of a fellow-servant, even if on the evidence the relation of co-service could be found to exist between the plaintiff and the workmen in the defendants' mill. There was no error in the denial of the defendants' motion.

*Exception overruled.*

All concurred.