Coös,
Nov. 2, 1909.

### DESCHENE v. BURGESS SULPHITE FIBRE CO.

It is the duty of a master to warn servants of peculiar dangers arising from an abnormal condition of his instrumentalities, of which he knows or ought to know and concerning which they are justifiably ignorant.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1908, of the superior court by *Pike*, J.

It was the plaintiff's duty to start the defendants' chip-conveyor whenever it stopped, which was sometimes few and sometimes many times a day. When it stopped a number of men were forced to temporarily quit work, and for that reason the plaintiff was expected to start it as quickly as possible. The only convenient

place for one to stand when starting the conveyor was near a hanger which supported one end of a shaft. Close to the hanger there was a collar which was held in place on the shaft by a projecting set-screw, but the plaintiff was not aware of its existence until after the accident. While the plaintiff was working near the revolving shaft, his clothing was caught by the set-screw and he was carried around the shaft, thus receiving the injuries complained of.

The defendants moved that a verdict be directed in their favor on the grounds that it could not be found from the evidence (1) that the plaintiff was caught by the set-screw, (2) that the defendants were negligent, (3) that the plaintiff had not assumed the risk, (4) that the plaintiff was in the exercise of due care, and (5) that the presence of the set-screw or the failure to warn him of its presence was the proximate cause of the injury. The motion was denied, and the defendants excepted.

*Henry F. Hollis* and *Alexander Murchie*, for the plaintiff.

*Sullivan & Daley, Drew, Jordan, Shurtleff & Morris*, and *Merrill & Merrill* (of Maine), for the defendants.

YOUNG, J. It can be found that the plaintiff did his work as the ordinary man would have done it, and that he would not have been injured but for the projecting set-screw. Consequently there is no merit in the first, fourth, and fifth grounds of the defendants' motion. As servants only assume the risk incident to those conditions of their master's instrumentalities as to which he owes them no duty (1 Labatt M. & S., s. 2), the second and third grounds will be considered together.

Notwithstanding the plaintiff knew that collars were used to hold shafting in place, that they were attached by set-screws, that it was dangerous to come in contact with a set-screw when the shaft was in motion, and that a collar was needed on this shaft, he can recover if he neither knew nor was in fault for not knowing of this collar; for it can be found that using such a collar in that place created an abnormal condition of the defendants' instrumentalities, and it is the master's duty to warn even experienced servants of the dangers peculiar to such a condition of his instrumentalities, of which he either knows or ought to know, and of which they neither know nor are in fault for not knowing. The defendants' exception therefore must be overruled unless all fair-minded men will agree that the plaintiff ought to have known of the collar.

The evidence relevant to that issue, in addition to that already

recited, shows that the plaintiff, in the month or more he was doing this work, was never near the collar for more than a few seconds at a time and never but a few times when the shaft was at rest. The collar could not readily be seen when the shaft was in motion, and he was always in a hurry when near it. Although he could have seen the collar when the shaft was at rest if he had looked for it, he had nothing to do with it, and there was nothing about it calculated to attract his attention; for several men who had worked in the room much longer than he had, and who had equally as good an opportunity as he to see the collar, testified that they never knew there was one near this hanger. *Murray* v. *Railroad*, 72 N. H. 32, 40.

There was no evidence that the plaintiff knew collars were used near all hangers, or that such was the fact, or that it was necessary to have a collar near the hanger in question, or that the defendants ever used such a collar before where any one was likely to come in contact with it. It cannot be said, therefore, as a matter of law, either that the defendants were free from fault or that the plaintiff assumed the risk of his injury.

*Defendants' exception overruled.*

All concurred.