Hillsborough, }
June 4, 1912. }

### KING *v.* GARDINER & *a.*

In an action for negligence against employers, certain evidence deemed sufficient to warrant a submission of the question whether the injuries complained of resulted from the defendants' failure to equip dangerous machinery with a safety appliance in general use.

CASE, for personal injuries sustained by the plaintiff while in the defendants' employment and alleged to have been caused by their negligence. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1911, of the superior court by *Chamberlin*, J., on the defendants' exceptions to the denial of their motions for a nonsuit and the direction of a verdict in their favor.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Branch & Branch* (*Oliver W. Branch* orally), for the defendants.

BINGHAM, J. In this action the plaintiff complains that he was injured while in the defendants' employment, through their negligence in providing him with a machine for cutting out shoe heels that was not equipped with a spring to prevent the power-hammer, which drove the die that cut the leather, from repeating and coming down when his foot was not upon the treadle and when he was adjusting the die in the usual manner preparatory to cutting the leather. There was a verdict for the plaintiff. The contention of the defendants is that there was no evidence from which it could be found that they were negligent and that the plaintiff was in the exercise of due care.

It appeared that it was customary to equip machines like the one in question with a spring to obviate the likelihood of its repeating a blow when the operative was adjusting the die upon the leather; that the machine upon which the plaintiff was set to work was not so equipped; that it was the only machine of the kind the plaintiff had worked upon, and he was ignorant of the necessity for the spring; that while a man of long experience might with reasonable safety operate the machine without a spring, it was dangerous to permit a person of no greater experience than the plaintiff was shown to have had to do so. It also appeared that the die, upon being struck by the power-hammer, often stuck in the wooden block

on which the leather was placed, requiring the operative to strike it with his hand to enable him to remove and reset the die; that in doing so his thumb would pass over the arm or top of the die; that this was what the plaintiff was doing when the machine repeated and caught his thumb between the die and the hammer; that while the plaintiff knew it was dangerous to place his thumb above or on top of the die when his foot was upon the treadle which released the hammer, he did not know that the machine was liable to repeat when his foot was not upon the treadle, which was what happened at the time he received his injury. Upon this evidence we think the superior court was warranted in submitting the case to the jury.

*Exceptions overruled.*

All concurred.