Hillsborough, }
June 6, 1922. }

### GEORGE ELLIOTT v. JOHN L. DOUGLAS.

### ALBERT LEGRIS v. SAME.

A sub-contractor is liable to his servant for injuries received from a defective staging, though the sub-contractor had agreed with the principal contractor to use the staging, which had theretofore been built and was being used by him.

CASE, to recover for personal injuries sustained by the plaintiffs while in the defendant's employ. Trial by jury and verdicts for the plaintiffs.

Transferred from the September term, 1921, of the superior court by *Marble*, J., upon the defendant's exceptions to the denial of his motions for nonsuits and for directed verdicts, and to argument of counsel. The facts are stated in the opinion.

*Lucier & Lucier (Mr. Alvin J. Lucier* orally), for the plaintiffs.

*Henry V. Cunningham* (of Massachusetts) and *Banigan & Banigan (Mr. Cunningham* orally), for the defendant.

PEASLEE, J.   The plaintiffs were injured by the collapse of a staging upon which they were working as roofers.   The building was constructed of brick, with wooden window frames set upon stone sills, the tops of which sloped downwards toward the outside of the building.   The staging consisted of a row of uprights resting upon the ground some four feet from the building and connected by ledger boards upon which one end of the put log rested.   Support for the other end of the put log was supplied by a 4 x 4 joist about six feet long, with the bottom resting upon the stone window sill.

The defendant was called as a witness by the plaintiffs, and testified that he thought the trouble came from the creeping of the bottom of the joist on the slanting surface of the stone sill.   There was also testimony that the upright joist should be fastened by nailing a cleat to it and to the window frame near the top of the joist, and in like manner near the bottom.

The main controversy in the case is whether there is any evidence that the joist was not properly secured in its place.   The defendant's testimony, and that of other witnesses called by him, tended to prove that all the joists were properly fastened.   If there were no other evidence upon the question, the position taken in his behalf might be well grounded.   But there was other evidence. The foreman for the principal contractors testified, through a deposition taken before the trial, that immediately after the accident he examined the premises and found that the staging had been tied to the building by a stay-board placed below the put log and nailed to the outer upright, to the inner upright and to the window frame.   He examined the window frame and found that the nails, which had pulled out of it, were only the four that held the stay-board.   If his testimony was believed, it would appear that there was no cleat at the bottom of the joist, and that the only provision for preventing its creeping was the stay-board, which also answered the purpose of one of the two necessary cleats.   It could be found, therefore, that the staging was improperly constructed, and that the defect was one open to the observation of any one who inspected the structure.

The defendant was a sub-contractor for roofing, and it was a part of his agreement that he should use the staging theretofore built and still used by the principal contractors.   It being admitted that the principal contractors were competent and reputable builders of stagings, the defendant claims that he is not liable for defects

therein.   The rule in this state is that he is liable in the same manner and to the same extent as he would be if he maintained the workplace himself.   *Story* v. *Railroad*, 70 N. H. 364, 370 *et seq.*   And if it were conceded that he might perform his duty by reasonable inspection of the staging (*Carpenter* v. *Company*, ante, 77, 79) he would be no better off; for, upon the view of the evidence before indicated, it would appear that any reasonable inspection would have disclosed the defect that caused the accident.

The argument of counsel, to which exceptions were claimed, stated no fact not in evidence.   The denial by the presiding justice of the motion to set the verdict aside because of the argument disposed of the question finally, and there is nothing in relation thereto for this court to pass upon.   *State* v. *Ketchen*, ante, 112.

*Exceptions overruled.*

All concurred.