Hillsborough,  
June 2, 1931.

### ADELARD RACETTE *v.* SUNLIGHT BAKING COMPANY.

*Doyle & Doyle* and *John J. Sheehan* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendant.

MARBLE, J.  The plaintiff was the driver of one of the defendant's delivery trucks.  On the day preceding the accident he complained that the brakes on this truck were not in proper condition, whereupon the defendant directed one Eustathion, the proprietor of the garage where the truck was kept, to make the necessary repairs.  The brakes were relined and adjusted, and the plaintiff, when he called for the truck in the morning, was informed by Eustathion that the car was "all ready to take . . . out."

Shortly after leaving the garage, the plaintiff, who was driving easterly on Lake avenue, applied the brakes to avoid collision with a car going northerly on Lincoln street.  When he did so, the truck swerved to the left and struck a pole, causing the injuries for which he seeks recovery.  He testified: "I put the brakes on and the front wheel brakes were not adjusted right and the left brake jammed and it turned the automobile over onto the left side of the street by a post, and I tipped over."

The duty of keeping the truck in a reasonably safe condition was one that the defendant could not discharge merely by delegating its performance to an independent contractor. *Story* v. *Railroad*, 70 N. H. 364, 368; *Pittsfield &c. Co.* v. *Company*, 71 N. H. 522, 530; *Bilodeau* v. *Company*, 83 N. H. 196, 198, and cases cited. And this would be true however competent and reputable the contractor might be. In short, the defendant, though engaging Eustathion, over whom it had no control, to repair the brakes, would still be liable "in the same manner and to the same extent" that it would have been had its own employees performed the work. *Elliott* v. *Douglas*, 80 N. H. 418, 420.

The plaintiff's description of the accident would indicate that the brakes had not been correctly adjusted and that this was the cause of his injury. There was also expert testimony to the same effect. From Eustathion's admissions on cross-examination the jury may well have believed that he was not a competent mechanic. The weight to be given his testimony was for their determination, and they were not obliged to accept his statement that the brakes had been tested "until the four wheels catched even" as true. *Brock* v. *Company*, 83 N. H. 290, 292.

The accident occurred early in the morning when the streets were comparatively free from traffic. The speed of the truck was from 18 to 20 miles an hour, and according to the testimony of one of the plaintiff's witnesses the view of Lincoln street at a point on Lake avenue 50 feet from the intersection was clear and uninterrupted for a distance of 200 feet in either direction. Since on this evidence it could be found that the plaintiff was not violating Laws 1927, *c.* 76, *s.* 2, it is unnecessary to consider the plaintiff's contention that the statute imposed no duty upon him pertinent to the present controversy.

The plaintiff had every reason to believe that the brakes had been properly adjusted. He had been driving but a few moments when the accident happened and had had no occasion until then to stop the truck suddenly. Under such circumstances it cannot be said as a matter of law that he assumed the risk. *Olney* v. *Railroad*, 71 N. H. 427, 434.

The fact that he failed to take every possible precaution to avoid the accident does not conclusively establish his negligence. His duty was to act as the average person would have acted under like circumstances, and whether or not he did so act was a question for the jury. *Barrett* v. *Company*, *ante*, 33, and cases cited.

*Judgment on the verdict.*

All concurred.