RICHARD PICKETT *v.* NORWOOD CALEF & COMPANY.

*Robert J. Doyle* and *Edward J. Lampron* (*Mr. Lampron* orally), for the plaintiff.

*Faulkner & Bell* (*Mr. Bell* orally), for the defendant.

WOODBURY, J. The defendant contends that "The facts proved are equally consistent with a theory of the accident which would discharge the defendants as with one that would charge them" (*Deschenes* v. *Railroad*, 69 N. H. 285, 291), and suggests three possible causes for the accident for which it would not be to blame which it contends are fully as probable as that upon which the plaintiff seeks to recover. The first of the defendant's hypotheses is that the plaintiff improperly replaced the bolt in that he failed to set it "way back into the slot" in which it was supposed to go. The only

support for this theory of the accident is the plaintiff's testimony that upon one previous occasion during his employment he had failed to set the bolt properly and his further testimony that he was in a hurry just before the accident took place. The second hypothesis is that the plaintiff failed to put the nut back on the bolt at all and support for this theory of the accident is sought in the testimony that the nut could not be found after the plaintiff had been extricated from the machine. Conceding that the accident might have occurred in either of the ways suggested, although under the defendant's second hypothesis it is difficult to understand what held the shelves suspended while the plaintiff started to fill the bottom one, it requires no argument to show that these suppositions do not stand in a position of equal probability with the plaintiff's direct statement that he replaced the bolt and nut properly and that after the accident he saw the nut stripped from the bolt. The plaintiff here does not seek to recover upon one inference in the face of others of equal probability. He seeks to recover upon direct evidence as to how the accident occurred, and this evidence, if believed, is more than sufficient to counter-balance the inferences which the defendant seeks to draw. The record discloses only the usual conflict in the evidence.

The defendant's third hypothesis to the effect that the plaintiff negligently selected a nut of improper size from the supply furnished him will be considered in connection with the issue of the plaintiff's due care.

The evidence in the record is sufficient to support a finding of liability on the part of the defendant on the ground of its negligent failure to provide the plaintiff with reasonably safe instrumentalities for the prosecution of his employment. "As to tools or materials, the master's duty is performed by furnishing a sufficient, suitable supply" (*Hilton* v. *Railroad*, 73 N. H. 116, 119), and in the case at bar the master could be found to have failed in this non-delegable duty when it supplied the plaintiff with a rethreaded bolt and only standard-size nuts to be used upon it. A machinist of long experience called to the stand by the plaintiff as an expert testified that in rethreading a bolt a certain amount of stock was inevitably cut away and that the pitch of the threads was necessarily altered. He also said that as a consequence of this a standard nut, although it could be put on and turned down on a rethreaded bolt, would not have as great holding power as it would upon a bolt which had not been so treated, and further, that in order to obtain equal holding power

on a rethreaded bolt a special nut would have to be made to fit it exactly. From this it could be found that the defendant's machinist was negligent in rethreading the bolt and then telling the plaintiff to use it with a nut from his supply, all of which were of the same standard three-quarter inch size. In combination the materials furnished were findably inadequate and since the repair to the bolt was not a simple one incidental to the operation of the machine but was one requiring special tools in the hands of a trained mechanic, the defendant is liable for the negligence of its engineer. *Jaques* v. *Company*, 66 N. H. 482, 483; *Hatch* v. *Company*, 73 N. H. 521. See also *McLaine* v. *Company*, 71 N. H. 294, 296; *Sanborn* v. *Railroad*, 76 N. H. 523, 527, 528.

In its brief the defendant argues that the plaintiff disobeyed orders in going to the engineer rather than to the millwright to have the bolt repaired. This argument is not supported by the record. The evidence is that the plaintiff was told to take the bolt to the machine shop, that both the engineer and the millwright worked there, that the engineer was authorized to make repairs of this sort in the absence of the millwright, and that the latter was not present at the time when the plaintiff went to the machine shop to have the bolt repaired.

The defendant's further contentions are that the plaintiff assumed the risk of injuries such as the one he received and that he was guilty of contributory negligence as a matter of law. Neither of these requires acceptance.

When injuries result to a servant from a "peril which he understood, plus other factors of danger of which he was ignorant, the doctrine of assumption of risk will not bar a recovery." *Krueger* v. *Company*, 84 N. H. 290, 295; *Perreault* v. *Company*, 87 N. H. 306. Here the plaintiff knew that if for any reason the shelves should fall upon his hand it would be crushed, but he did not know that a standard nut had less holding power on a rethreaded bolt than on one which had not been rethreaded. For his lack of knowledge on this point he was not necessarily at fault. Although he had had long experience in operating the machine upon which he was injured he had only once before used a rethreaded bolt and upon that occasion it had not given way. Furthermore the plaintiff's expert mechanic, as well as one called by the defendant, both testified that this item of knowledge was not generally known to those ignorant of mechanics, that one not trained in this field would not necessarily be able to tell how much a bolt which had been rethreaded had been weakened in

the process, and that this weakness could not always be detected from the fit of a standard nut.

Little needs to be added to what has already been said to dispose of the defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law. While it is true that the plaintiff himself selected a nut for use on the rethreaded bolt it does not follow that he was negligent in selecting the nut which he used. This nut appeared to him to fit properly and he was justifiably ignorant of the fact that this appearance was deceptive. It came from his supply, and whether this supply was provided by the defendant, as the plaintiff contends, or whether the plaintiff accumulated it by picking up such nuts as he could find around the premises, as the defendant asserts, is immaterial. Whatever its source, the only evidence is that his supply consisted entirely of nuts of standard size all of which were in good condition. There is nothing to indicate that one was any more suitable than another and nothing to show that the plaintiff either knew or ought to have known of the unsuitableness of the one which he chose.

The defendant's motion that the verdict be set aside does not require independent consideration because no reasons which have not already been considered are advanced in its support.

*Judgment on the verdict.*

All concurred.