Hillsborough,　⎱ No. 3147.
April 2, 1940.　⎰

ROMEO TREMBLAY, *by his next friend*

*v.*

J. RUDNICK & SONS, INC.

*Sullivan & Dolan (Mr. Dolan* orally), for the plaintiff.

*Sheehan & Phinney (Mr. Phinney* orally), for the defendant.

BRANCH, J.  The defendant does not venture to deny that it was findably at fault, nor could such a suggestion be seriously entertained in view of the rules that, (1) "The master is bound . . . to provide such reasonable rules and regulations as will enable the servants to do the work in safety," and (2) "If ordinary care requires that a warning of dangers arising from the work should from time to time be given to his servants as the work progresses, it is the master's duty to provide for such a warning." *McLaine* v. *Company,* 71 N. H. 294, 297; *Sirois* v. *Henry,* 73 N. H. 148, 151.   In this situation, the argument of the defendant that the plaintiff cannot recover because the accident resulted from the negligence of a fellow-servant is untenable.   If it were conceded that the workman who operated the elevator at the time of the accident was at fault in failing to discover the presence of the plaintiff and to warn him that the elevator was about to be started, it might nevertheless be found that the accident resulted from the negligence of the defendant in permitting the elevator shaft to be used as a means of communication without establishing a reasonable system of rules and regulations to minimize the dangers inherent in such use.

The answer to the argument that the plaintiff was guilty of contributory negligence as a matter of law is to be found in the rule that contributory negligence is usually negatived by evidence that the

servant acted under a direct order (4 Labatt, Master & Servant, (2d *ed.*), *s.* 1363) coupled with the fact that the plaintiff was a minor whose appreciation of the various factors of danger which his conduct involved was not conclusively established, as hereinafter indicated.

The defendant appears to rely chiefly upon the doctrine of assumption of risk to sustain the order of nonsuit. It is argued that the plaintiff "knew the facts and physical conditions and reasonable men could not find that he did not appreciate the danger," citing *Cronin* v. *Company*, 75 N. H. 319. The plaintiff, it is true, testified unequivocally that he knew it was dangerous to thrust his head into the elevator well "if the elevator was coming down." Such testimony is insufficient, however, to charge him, as a matter of law, with appreciation of the risk from which his injury, in fact, resulted. He testified repeatedly that before undertaking to communicate with the man on the first floor, he looked up and saw that the elevator was stationary at the third floor and it might be found that the accident resulted because the elevator was started without warning and descended so noiselessly that its approach was not discoverable by the plaintiff in the exercise of due care until too late for him to avoid contact with it. The record does not compel the conclusion that the plaintiff appreciated the composite risk of being caught as a result of the unwarned starting of the elevator, plus its noiseless operation, while it might be found, on the other hand, that the establishment of a suitable system of communication in the factory or provision for some warning of the descent of the elevator would have prevented such an occurrence.

As a result of the foregoing conclusions, it follows that there must be a

*New trial.*

All concurred.