Hillsborough, } No. 3475.
May 2, 1944. }

VIRGINIA ISABELLE

*v.*

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

WILLIAM ISABELLE

*v.*

SAME.

*Robert J. Doyle* and *J. L. KillKelley* (*Mr. Doyle* orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant.

BRANCH, J.   On the night of October 27, 1942, Virginia Isabelle, hereinafter referred to as the plaintiff, alighted from a bus of the defendant at the corner of Beech Street and Cilley Road in Manchester, and in accordance with her custom, which was well known to the driver of the bus, started to walk east on Cilley Road.   A few seconds later she was overtaken and run over by the same bus, which had made the turn into Cilley Road behind her.

The defendant does not seriously contend that its driver could not be found negligent, but insists that the plaintiff must be denied a recovery upon the ground of contributory negligence.

The principal argument in support of this contention was that it was physically impossible for the accident to have happened pre-

cisely at the place and in the manner described by the plaintiff. More particularly it was argued that since the plaintiff's head was four or five feet north of the southerly edge of Cilley Road when she was picked up, and her feet still further north, it is physically impossible for her to have been struck within a foot of the southerly edge of the road or that she could have been struck by the front end of the bus as she claimed. The answer to this argument is that the plaintiff was not bound to prove that the accident happened exactly as she described it. This is not a case like *Harlow* v. *Leclair*, 82 N. H. 506, where the plaintiff is bound by her own testimony.

The law governing the duties of pedestrians and operators of motor vehicles has been frequently considered and is well settled as follows: "In all actions on the case for personal injuries or injury to personal property, caused by negligence, contributory negligence on the part of the plaintiff shall be a defense and the burden of proving the same shall be upon the defendant." R. L., c. 384, s. 13. Under this section, if the plaintiff's "conduct admits of any reasonable and nonculpable explanation, the question of his due care is for the jury." *Doyle, Adm'r* v. *Company, ante*, 61; *Jones* v. *Railroad*, 83 N. H. 73, 78; *e.g. Hussey* v. *Railroad*, 82 N. H. 236, 240. "The plaintiff was not required to take every precaution she could to prevent the accident. *Weeks* v. *Company*, 78 N. H. 26, 29. Her duty was to act as the average person might have acted. *Sevigny* v. *Company*, 81 N. H. 311, 313. And whether or not she did so act was clearly a question for the jury." *Barrett* v. *Company*, 85 N. H. 33, 35, 36; *Racette* v. *Company*, 85 N. H. 171, 172. The plaintiff . . . "might, without negligence or imprudence, assume that it (the bus) would be operated with due care for his [her] safety." *Chemikles* v. *Company*, 84 N. H. 437, 438.

The evidence indicates that the accident happened within a few seconds of the time the plaintiff alighted from the bus. The plaintiff testified that when she reached the point of accident she "turned around to see why the bus was not coming. Q. What happened? A. They hit me down when I turned around to see why it was not coming." Whether, in view of the reasonable assumption that the bus would be operated with due care for her safety, the plaintiff should have looked for it sooner or taken other precautions for her safety, were clearly questions for the jury under the rules set forth above. "Under such circumstances the extent to which he was required to look behind him to protect himself would plainly depend upon all the facts of the particular case; and the answer, being an

inference to be drawn from facts proved, must be returned by the triers of fact." *Burns* v. *Coté*, 86 N. H. 167, 169; *Bourassa* v. *Railroad*, 75 N. H. 359, 360.

Although the issue of the plaintiff's due care might have been decided otherwise by the members of this Court if they had been required to pass upon it in the first instance, it was essentially a question of fact for the jury, and with their decision we cannot interfere.

*Judgment on the verdict.*

JOHNSTON, J. dissented: the others concurred.