Hillsborough,   No. 3485.
Feb. 6, 1945.

LORRAINE ISABELLE *v.* CRYSTAL LAUNDRY, INC.

ALPHONSINE ISABELLE *v.* SAME.

*Chretien & Craig* (*Mr. Chretien* orally), for the plaintiffs.

*Sheehan & Phinney, Alvin A. Lucier* and *Arthur A. Greene, Jr.* (*Mr. Greene* orally), for the defendant.

BURQUE, J. The accident occurred on what is known as a Unipress machine, a small laundry press operated by compressed air, with a table, buck and a top plate, which is moved down against the buck to press the clothes placed upon the press, the operation of the upper plate being controlled by buttons. The table was 32 inches high. The buck or plate upon which were placed the garments to be pressed was 8 inches higher. The control buttons were in two boxes $5\frac{1}{4}$ by 3 inches each, set $17\frac{1}{2}$ inches apart from center to center. The diameter of the buttons was $1\frac{7}{16}$ inches. There were two buttons to each box; the two inside buttons in each box were the control buttons which, when depressed, caused the head or top plate to come down; the extreme right-hand button was the release button, and the extreme left-hand button was not in use. The two inside buttons projected at least $1\frac{1}{4}$ inches above the box in which they were enclosed, while the other two projected only $\frac{7}{16}$ of an inch. The two boxes were attached to the front of the table projecting out toward the operator. The tops of the boxes were at an angle "to the horizontal" so that the control buttons sloped outwardly from the machine toward the operator and the two inside buttons extended beyond the outside edge of the boxes toward the operator $\frac{1}{4}$ of an inch.

The plaintiff testified that at the time of the accident she was about to press an inside pocket of a pair of pants. With her left hand she was holding the pocket on the buck or padded plate and with her right hand she was pulling on the pants so as to stretch the pocket and remove the wrinkles. Her left arm was thus between the padded plate and the head. She stood close enough to the table of the machine for her body to touch it, and as she pulled the garment to adjust it she moved her whole body against the table. She touched "the table" and "the end of the boxes of the buttons" with that part of her body which is a "little lower than . . . her hips . . . somewhat to the stomach." As she was doing this the head of the machine came down and burnt her left arm, without, as she says, having touched either one of the control buttons with her fingers. She does not know what caused the head of the machine to come down.

It is in evidence that the left-hand control button was sensitive to touch, more sensitive than the right-hand one. It can be found that

prior to working on the pants, plaintiff had been pressing the collar and yoke of coats, which work was done on this small press, and that after doing this she would put the coats, the unpressed part of which would still be wet, on a larger pressing machine to her left. This was her practice. Wet coats were found there immediately after the accident.

The plaintiff tried her case on the theory that parts of these coats were extending out from the large machine and over the left sensitive control button, that they came in contact with this button, and that some part of her body must have then come in contact with the right control button, causing the top of the machine to come down. There is ample evidence to support a claim based on this theory. In addition to plaintiff's evidence, there is expert testimony, based on tests performed after the accident, which prove that what plaintiff claims probably did happen, can happen. If true, then it can be found defendant was at fault in not providing the plaintiff with a suitable, safe machine to do her work with. *Bridges* v. *Company*, 85 N. H. 220, 224; *Boucher* v. *Company*, 91 N. H. 215.

The machine can be found faulty, defective in design and construction, unsuitable for an operator who does not know and does not appreciate the dangers accompanying its operation. That it was defective in design and construction can be found from the fact that of all the pressing machines in defendant's laundry, that is the only one that has control buttons installed in boxes that protrude out of them as much as these do, and without protecting devices such as are found on other machines. All other control buttons are not as long as those on this small press, and are protected by some sort of a circular guard, so that body pressure cannot operate them.

Moreover, that this machine was defective, that the left control button was sensitive, that wet garments would depress it, was well known to the managing official of the defendant company, is also in evidence. It is also in evidence that this official also knew of the practice resorted to by operators of taking wet garments out of the boxes, contrary to what he says they were not supposed to do, and the danger attendant to this method of performing their work. It can be found that no rule was ever promulgated however to prevent the practice, and that before the accident he had not warned any one to refrain from such practice. It can certainly be found that he had never warned the plaintiff, who had been operating her machines, three in number, one large one on each side of her as she stood at this small machine, and who had always done her work as she did on the

day of the accident. Failure to warn when warning should be given is violation of a positive duty. *Deschene* v. *Company*, 75 N. H. 363, 365; *Willis* v. *Company*, 75 N. H. 453, 455, 456; *Brock* v. *Company*, 83 N. H. 290; *Harvey* v. *Welch*, 86 N. H. 72.

It would seem unnecessary for us to have to add that the questions of assumption of risk and contributory negligence are for the jury in this case. Certainly it cannot be said here that plaintiff was contributorily negligent as a matter of law or that there is no evidence from which her non-assumption of the risk could be found. *Boucher* v. *Company*, *supra*; *Kruger* v. *Company*, 84 N. H. 290; *Maltais* v. *Company*, 86 N. H. 211; *Perreault* v. *Company*, 87 N. H. 306; *Pickett* v. *Company*, 89 N. H. 244; *Tremblay* v. *Company*, 91 N. H. 24.

There remains to be considered defendant's position that plaintiff has precluded herself from recovering, because of statements made by her in her deposition, given about 1½ years after the accident, wherein she stated "that the garment never touched the control button and [her] fingers didn't touch it and no part of [her] touched it." She also stated at the trial, upon cross-examination, that she wanted that to be her testimony. This, defendant argues, is a positive statement of facts peculiarly within her knowledge, and under the doctrine of *Harlow* v. *Leclair*, 82 N. H. 506, reaffirmed in numerous subsequent cases, precludes her. Defendant loses sight of the fact that such a statement may be found to be an unwittingly erroneous one. *MacKelvie* v. *Rice*, 92 N. H. 465, and cases cited. She may have been justifiably mistaken, for she also says in her deposition that she had pressed some long coats and placed them on the big press to her left, though she says the long parts of these coats were away from the control buttons, a matter of observation easily subject to error, for we have already seen that, immediately after the accident, long wet coats were found on the big press to the left, with parts of them over the control button. Defendant's position, as a matter of law, is untenable.

*New trials.*

All concurred.