CHARLES WINCHESTER & another *vs.* MOSES SIBLEY.

Worcester.   Oct. 6. — March 1, 1882.   LORD, W. ALLEN & C. ALLEN, JJ.,
absent.

After a debt from B. to A. was barred by the statute of limitations, A. became
indebted to B. in a less amount, and B. orally agreed that this debt should be
applied to his debt to A. so far as it would go; A. then brought an action to
recover the amount due him from B., and, in an account annexed to his declara-
tion, filed after the date of the writ, gave credit to B. for the amount which he
owed him.   *Held*, under the Gen. Sts. c. 155, § 13, that the action could not be
maintained.

CONTRACT upon an account annexed.   Writ dated May 15,
1880.   The case was sent to an auditor, who found that there
was due from the defendant upon said account the sum of
$59.94, but that said claim was barred by the statute of limita-
tions.

At the trial in the Superior Court, before *Colburn,* J., there
was evidence tending to show that the plaintiffs were formerly
copartners in business in the manufacture of chairs under the
name of C. & G. C. Winchester; that the defendant was in their
employ between 1866 and 1870; that the firm was dissolved in
1870; and that, at the time of the dissolution, the defendant was
indebted to them for the amount found by the auditor upon the
account annexed.

After the dissolution of the firm, the plaintiff George C. Win-
chester continued the same business on his own account, and the
defendant continued to work for him until 1878, when there was
found to be due him from George C. Winchester about $20;
and, in October 1878, the plaintiffs and the defendant agreed
orally that the amount found due the defendant from George C.
Winchester should be applied, so far as it would go, to the in-
debtedness of the defendant to the plaintiffs; but no memoran-
dum in writing was made by any of the parties, and no entry
was made on the books of the application of one account to the
payment of the other, except that the same was credited upon
the account annexed, which was filed on July 23, 1880.

The judge ruled that this evidence would not take the case
out of the statute of limitations.   The jury returned a verdict
for the defendant; and the plaintiffs alleged exceptions.

*G. F. Verry & F. A. Gaskill,* (*E. D. Howe* with them,) for the plaintiffs.

*H. C. Hartwell,* for the defendant.

FIELD, J. The evidence tended to show an executory agreement that the indebtedness of George C. Winchester to the defendant should be applied, so far as it would go, to the indebtedness of the defendant to the plaintiffs, but that it was never actually so applied. The account annexed upon which the credit appears was filed after the suit was brought.

The ruling was therefore correct. Gen. Sts. *c.* 155, § 13. *Cary* v. *Bancroft,* 14 Pick. 315. *Blanchard* v. *Blanchard,* 122 Mass. 558. *Exceptions overruled.*