CARROLL E. MCINTIRE *vs.* EDMUND F. LELAND & another.
WILBUR C. MCINTIRE *vs.* SAME.

Middlesex.    November 22, 1917. — February 26, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Dog*, Keeper.  *Husband and Wife.  Practice, Civil,* Order of judgment under St. 1913, c. 716, § 1.

In an action under R. L. c. 102, § 146, by a boy against a husband and wife to recover double damages for having been bitten by a dog alleged to have been kept by the defendants jointly or by one of them individually, it appeared that the boy was bitten by a dog, that this dog was given by an acquaintance of the defendant husband to the eleven year old son of the defendants, that the defendant husband took the dog to a farm owned by the defendant wife and operated by the defendant husband through a foreman, which the defendants used as a summer home, that the defendant husband's foreman lived with his wife in a cottage on the farm and that the employment of the foreman included the services of his wife without any separate pay for her, that the foreman ran the farm, the bills being paid by the defendant husband, and that the foreman's wife fed the dog at the cottage, that the defendant wife had nothing to do with the management of the farm and had nothing to do with the dog, which she did not like and wished her son to get rid of, and that the defendants' son who owned the dog was only occasionally at the farm and was not there at the time the plaintiff was bitten by the dog. *Held*, that there was no evidence that the defendants jointly were the keepers of the dog and no evidence that the defendant wife was its keeper, but that a finding was warranted that the defendant husband was the keeper of the dog.

In the same case it was *said* that the mere fact of ownership by the wife of the farm on which the dog was kept by the husband was not sufficient to raise an inference of the joint keeping of the dog by the husband and wife and thereby to overcome the presumption of the exercise of dominant authority by the husband and of compliance by the wife.

In this action of tort, where the jury had returned a verdict against a husband and wife jointly, this court under the power conferred by St. 1913, c. 716, § 1, ordered that judgment be entered against the defendant husband and for the defendant wife.

Two ACTIONS OF TORT under R. L. c. 102, § 146, the first action by a minor by his next friend against Edmund F. Leland and Eliza S. Leland, his wife, for injuries sustained by the plaintiff on July 24, 1914, when four years of age, by the bite of a dog alleged to have been owned or kept by the defendants or one of them, and the second action against the same defendants by the father of the plaintiff in the first case for expenses for medical attendance and nursing incurred by reason of his injuries. Writs dated April 28, 1915.

The declaration in each action, as amended, contained four counts. The first count alleged that the defendants were the owners of the dog. This count was waived by the plaintiffs at the trial. The second count alleged that the defendants were the keepers of the dog. The third count alleged that the defendant Edmund F. Leland was the keeper of the dog. The fourth count alleged that the defendant Eliza S. Leland was the keeper of the dog.

In the Superior Court the cases were tried together before *Keating, J.* It appeared that the plaintiff in the first case was playing on the lawn in front of his father's house in Burlington, when the dog came along, knocked him down and bit his lip. It did not appear how the dog got to Burlington. The evidence of the plaintiff on the question, who was the keeper of the dog, is described in the opinion. At the close of the plaintiffs' evidence the defendants moved that verdicts be ordered for them and each of them in both actions. The judge refused the motions.

The defendants then asked the judge to instruct the jury as follows:

"1. There is no evidence from which the jury can find that the dog was kept jointly by the defendants.

"2. There is no evidence from which the jury can find that the dog was kept by the defendant Eliza S. Leland.

"3. There is no evidence from which the jury can find that the dog was kept by the defendant Edmund F. Leland."

The judge refused to give any of these instructions and submitted the cases to the jury, submitting to them also two special questions, which with the answers of the jury were as follows:

"1. Was Edmund F. Leland keeper of the dog?" The jury answered, "Yes."

"2. Was Eliza S. Leland keeper of the dog?" The jury answered, "Yes."

In each of the cases the jury returned a general verdict against the defendants as joint keepers of the dog, assessing double damages in the first case in the sum of $500 and assessing the damages in the second case in the sum of $260. The defendants alleged exceptions.

*F. H. Stewart,* for the defendants.

*M. G. Rogers,* for the plaintiffs.

PIERCE, J. The principal question presented by the bill of exceptions is whether the jury was warranted in finding that the dog, which attacked and bit the minor plaintiff and severely injured him on July 24, 1914, was then kept jointly by the defendants, husband and wife. The defendants offered no evidence at the trial.

The dog had been given to an eleven year old son of the defendants in January or February, 1914, by a "social acquaintance" of the father, while the family were living at their home in Brookline. It was kept at that home until taken to a farm in North Andover in February, 1914, where the defendants had a summer home, to which, if the weather was fit, the family went by motor car on all holidays and very often on Saturdays and Sundays through the winter and spring. On the farm there was a cottage occupied by the foreman of the farm, one Burke, and his wife. To this cottage the dog generally came round after everybody went to work, and was always fed by Mrs. Burke. Burke was hired by the defendant Edmund F. Leland as foreman to superintend the running of the farm. He "had more leeway than a great many" foremen; he hired the laborers, boarded them and paid them and himself with money given him by Leland for that purpose. Mrs. Burke lived with her husband at the cottage; she was "manager of the house" where her husband worked. As regards her employment Leland testified: "I think she went with him [her husband], I did not have any arrangement with her." Burke testified "No, I received both pays" in response to the question "Did your wife receive any pay from Mr. Leland?" He further testified that Mr. Leland did not hire her, "he hired me." Notwithstanding the form of the last statement, we think the jury could properly find that the hiring of the husband was

intended to include and did embrace the services of the wife, with her consent, in a single wage.

The men employed by Burke looked after the live-stock and attended to their feeding, under the direction of Burke with an occasional suggestion from Leland who was not a practical farmer or "in a position to specify what an animal should have or what an animal should not have." Leland personally paid the expenses of running the farm, and also the household bills at the farm and at Brookline. His business kept him away a great deal, he spent very little time in daylight hours at the farm. The boy who owned the dog was at the farm on holidays and on Saturdays and Sundays during the winter and spring. He was there also from the seventh of June until the first of July but not afterwards, before the injury.

Mrs. Leland owned the farm. She had charge of the household servants and paid the maids in the house. She had nothing to do with the management of the farm. She never petted the dog, never fed it, never bought food for it, and told her son that she did not like the dog, did not care for it, did not want it round and wished he would get rid of it.

We are of opinion the evidence warranted a finding that the defendant Edmund F. Leland was the keeper of the dog. *Anderson* v. *Middlebrook*, 202 Mass. 506, 508, and cases cited.

We are also of opinion that the mere ownership of the farm by the wife, upon which the dog was kept by the husband, is not sufficient to raise an inference of joint keeping by the wife with the husband and thereby overcome the presumption of the exercise of dominant authority by the husband and of compliance by the wife. *Southworth* v. *Edmands*, 152 Mass. 203, 207.

We find nothing in the contention that the recital in the charge of the evidence relating to the acts of the several defendants was inaccurate and therefore prejudicial. Nor do we find any error in the instructions relating to the measure of damages. *Pressey* v. *Wirth*, 3 Allen, 191.

It follows that the exceptions must be sustained. In each case judgment is to be entered on the verdict against Edmund F. Leland and for the defendant Eliza S. Leland. St. 1913, c. 716, § 1.

*So ordered.*