Hillsborough, }
June 28, 1928. }

## Daniel Grew *v.* Boston & Maine Railroad.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

BRANCH, J.  In order to sustain its motion for a directed verdict, the defendant undertook to establish the validity of two legal propositions, viz: 1. That upon the uncontroverted facts set forth above, the plaintiff at the time of his injury was engaged in interstate commerce, and 2. That his rights were, therefore, governed exclusively by the federal employers' liability act which would bar a recovery by reason of the two-year limitation contained therein.  It is unnecessary for us to consider the merits of the first proposition, for the second is clearly unsound.

The act of congress known as the safety appliance act (U. S.

Code, Tit. 45, *c.* 1, *s.* 4) provides as follows: "It shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars." By the amendment of 1903 the act was expressly made to apply to "all . . . cars . . . used on any railroad engaged in interstate commerce." U. S. Code, Tit. 45, *c.* 1, *s.* 8. Thus "in the exercise of its plenary power to regulate commerce between the states, Congress has deemed it proper, for the protection of employees and travelers, to require certain safety appliances to be installed upon railroad cars used upon a highway of interstate commerce, irrespective of the use made of any particular car at any particular time." *Texas &c. Ry* v. *Rigsby,* 241 U. S. 33, 41. The plaintiff was injured because the car upon which he was working was not provided with secure grab-irons, and a right of action, therefore, accrued to him by reason of the defendant's breach of the above statute. Although the act contains no express language conferring a right of action for the death or injury of an employee, "the right of private action by an injured employee, even without the employers' liability act, has never been doubted." *Texas &c. Ry* v. *Rigsby,* 241 U. S. 33, 39. The subsequent passage of the employers' liability act did not affect this right, for it contains a specific provision that nothing therein "shall be held . . . to impair the rights of their employees under any other Act or Acts of Congress." U. S. Code, Tit. 45, *c.* 2, *s.* 58.

There is no federal statute limiting the time in which an action to enforce such a right must be commenced, and hence the state law applies. *Campbell* v. *Haverhill,* 155 U. S. 610. It is plain that the present action was commenced within the six-year period prescribed by P. L., *c.* 329, *s.* 3. Although it does not appear that the declaration referred to the safety appliance act, the plaintiff was none the less entitled to have his rights determined in accordance with the law applicable thereto. An amendment counting on a breach of this statute might have been filed before or during the trial, even though the statute of limitations had then run (*New York Central &c. R.R.* v. *Kinney,* 260 U. S. 340; *Gagnon* v. *Connor,* 64 N. H. 276), and may now be filed, if necessary. P. L., *c.* 334, *s.* 9; *Lyman* v. *Brown,* 73 N. H. 411. "Amendments may be made after verdict, without a new trial, when the verdict could not have been affected by the amendment if it had been made before the trial." *Morse* v. *Whitcher,* 64 N. H. 591, 592. The verdict in the present case could not have

been affected to the prejudice of the defendant by the suggested amendment.

As the case was submitted to the jury, the plaintiff's right to recover was made to depend upon proof of defendant's negligence. A heavier burden was thus imposed upon the plaintiff than would have been required under the above statute. "The question whether the defective condition of the ladder was due to the defendant's negligence is immaterial, since the statute imposes an absolute and unqualified duty to maintain the appliance in secure condition." *Texas &c. Ry Co.* v. *Rigsby, supra,* 43.

The question whether the plaintiff was engaged in interstate commerce at the time of his injury was submitted to the jury and they were instructed that if he was so employed he could not recover. This instruction was erroneous (*Texas &c. Ry Co.* v. *Rigsby, supra*). and calculated seriously to prejudice the plaintiff's case, but the defendant cannot complain of it. *Colby* v. *Lee, ante,* 303.

In a case governed by the provisions of the safety appliance act, the defendant may still avail itself of the defence of contributory negligence (*Minneapolis &c. Ry* v. *Popplar,* 237 U. S. 369) and the full benefit of this right was accorded to the defendant in this suit. The issue of the plaintiff's fault was submitted to the jury under adequate instructions, and that portion of the charge which placed the burden of proving this defence upon the defendant correctly stated the rule which must be applied in the administration of this federal law. *Central Vt. Ry* v. *White,* 238 U. S. 507; *Crugley* v. *Railway,* 79 N. H. 276.

Since the statutory obligation to furnish secure grab-irons is absolute, as pointed out above, the fellow-servant defence was not open to the defendant, and that of assumption of risk is denied to it by the terms of the statute. U. S. Code, Tit. 45, c. 1, s. 7.

It therefore appears not only that all the defendant's rights were fully protected, but that it received the unmerited benefit of extremely favorable instructions, based upon an erroneous view of the law. Under these circumstances we perceive no reason for setting aside the verdict. The situation is very similar to that which existed in *Felch* v. *Railroad,* 66 N. H. 318, where the court said, "in no way were the defendants deprived of their right to a fair trial; but, on the other hand, they had the full benefit of every defence open to them upon the proper issues in the case, and the additional benefit of a defence which was not properly open to them, and one, too, which strongly tended to defeat any recovery by the plaintiff."

The foregoing conclusions dispose of all the defendant's exceptions which are not included within the terms of the waiver set forth above, and it is, therefore, ordered that upon the filing of an amendment as suggested herein, there be

*Judgment on the verdict.*

Snow, J., was absent: the others concurred.