Hillsborough, ⎰
June 5, 1934. ⎱

### HELEN ROSAN *v*. FALASKA RAUDONIS.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*Willoughby A. Colby* (by brief and orally), for the defendant.

PEASLEE, C. J.   The action is against the owner of a tenement house, and was brought to recover damages caused by falling down a cellarway.   The defendant was originally set out as Felix Raudonis.   By amendment, Falaska Raudonis was substituted.   It was said at the argument that the reason for the change was that the plaintiff discovered that the real estate stood in the name of Falaska.   The plaintiff and the court thought Falaska was the name of Felix's wife, when in fact Falaska was the native rendering of Felix.   No disclosure of this fact was made by the defendant, and the trial proceeded upon the basis that the plaintiff must prove that Felix was his wife's agent, in order to charge her with notice of certain facts which came to his knowledge in the course of his management of the property.

It hardly needs to be stated that no wrong was done to the defendant by reason of the plaintiff's erroneous belief.   Had the defendant

seen fit to disclose the truth, the cause of action would still have been against Falaska, and the plaintiff would have been relieved of the burden of showing that Felix was the agent of Falaska.

The plaintiff was required to prove all that the law would demand in a suit against Falaska, plus facts to establish a supposed agency. In this situation justice does not require, or even permit, that the case be retried. *Grew* v. *Railroad*, 83 N. H. 383; *Felch* v. *Railroad*, 66 N. H. 318.

There were two outer doors of like construction and appearance side by side. One opened into a tenement, the other upon the cellar stairs. The plaintiff who was intending to call upon the tenant, entered the wrong door and fell down the stairs. Subject to exception the plaintiff was allowed to show two instances of like mishaps, occurring nine and thirteen years before the one in question, and that Felix had notice of each of them. Objection is now urged because of remoteness, and because the injured parties made no claim against Felix, but treated the matter lightly. Neither objection presents cause for the rejection of the evidence as matter of law. The topic has been frequently and fully discussed. *Lovett* v. *Railway*, 85 N. H. 345, 352, and cases cited.

There was no motion for a nonsuit, and the motion for a directed verdict was upon specified grounds. Some of those now relied upon were not presented to the presiding justice, either specifically or as included in a general motion. It follows that they are not open for consideration here. *Mudgett* v. *McDonald*, 85 N. H. 508, and cases cited.

The claim that the plaintiff acted with such knowledge of the situation that her contributory fault is conclusively shown requires but brief consideration. It could be found that she was ignorant of the fact that the door opened into the cellarway, that it was dark when she approached, the cellar door was open and she entered understanding it was the door to the tenement of the relative she intended to visit. Upon such facts, her fault would not be the only reasonable conclusion. *Pickford* v. *Abramson*, 84 N. H. 446.

The motions for a directed verdict, to set the verdict aside and for a new trial were all rightly denied.

The exception to the charge is said to be designed to raise the question presented by the objection to evidence, and is disposed of by what has been said concerning that subject.

*Exceptions overruled.*

All concurred.