Hillsborough, April 1, 1941. } No. 3191.

FRANCES JANUS, *Adm'x v.* PAUL AKSTIN *& a.*

374

*Robert E. Earley* and *Edward J. Lampron* (*Mr. Lampron* orally), for the plaintiff.

*Robert J. Doyle* (by brief and orally), for the defendants.

MARBLE, J.   The statute so far as here material provides that any person to whom damage may be occasioned by a dog not owned or kept by him "shall be entitled to recover such damage of the person who owns or keeps the dog, or has it in possession." P. L., c. 150, s. 23.

The contention that there is no evidence to sustain a finding that the dog in question caused the decedent's injury is without merit. The decedent's husband testified that the defendant Paul told him that the dog "jumped on" the decedent and "knocked her down on the steps."

A witness who called on the defendants in an attempt to settle the plaintiff's claim testified as follows: "Q. And you told them that you understood the dog knocked the old lady down? A. No, he [Paul Akstin] told me himself; I didn't say nothing to him, and he told me himself when I go to his house; those people tell me. . . . Q. And did they tell you that the dog ran out? A. Yes. Q. And jumped on Mrs. Janus? A. Yes, she fell down."

The fact that the defendant Paul did not see the accident is immaterial. The admissibility of this class of evidence does not depend upon the personal knowledge of a defendant, but is predicated upon the assumption that he will not make statements of fact contrary to his interest unless he is satisfied that such statements are true. 4 Wig. Ev. (3d. *ed.*), s. 1053, and cases cited; 20 Am. Jur. 461; 22 C. J. 297, 298. See, also, *Caswell* v. *Garage*, 84 N. H. 241, 244; *Piateck* v. *Swindell*, 84 N. H. 402, 405. His lack of personal knowledge is of course "a circumstance for the jury to con-

sider, in estimating the value of the evidence, but that is all." *Kitchen v. Robbins*, 29 Ga. 713, 717.

Since no exception was taken to certain declarations made by Stephanie concerning the cause of the accident, the evidence must stand (*Barlow* v. *Verrill*, 88 N. H. 25, 28), even though, as will later appear, Stephanie was improperly joined as a party defendant. See *Horan* v. *Byrnes*, 70 N. H. 531, 533.

There was ample evidence in the plaintiff's favor on the issue of ownership. It follows that, so far as the defendant Paul is concerned, the motion for a directed verdict was correctly denied.

In seeking to refute the contention that the plaintiff's intestate merely fell down the steps it was unquestionably permissible for plaintiff's counsel to ask if there was anything on the steps which might cause a fall. The exception to the admission of this testimony is overruled.

A boy who delivered papers at the Akstin home testified, subject to exception, that on one occasion the dog jumped on him. This indicated that the dog would jump on a person and therefore had a definite bearing on the question whether the dog jumped on the decedent. The testimony was admissible. *Darling* v. *Westmoreland*, 52 N. H. 401; *Dow* v. *Weare*, 68 N. H. 345; *Lovett* v. *Railway*, 85 N. H. 345, 352.

Concerning the care and control of the dog, the defendant Paul testified as follows: "I take care of him myself. . . . My wife don't like dog at all; she never do nothing. I feed him before I go [to the mill], and when I come back I feed him again. . . . My boy take care of the dog [while I am away], not my wife; my wife don't like it, but I keep it. . . . She don't like any kind of dog; no matter what kind of dog I get, she don't want him." There was other testimony to the same effect and no substantial evidence to the contrary.

At the conclusion of the plaintiff's evidence the following motion was made: "First of all, the defendant Stephanie Akstin moves for a nonsuit on the ground that there is no evidence that she undertook to manage, control or care for the dog owned by her husband in the general way that dog owners are accustomed to look after them." The Presiding Justice stated that he would hold the matter in abeyance until morning and then make a ruling. The record does not indicate that any ruling was ever made except such as may be inferred from the charge.

The plaintiff's declaration contains no allegation that Stephanie had the dog in her possession but merely alleges that the defend-

ants were the owners and keepers of a dog. The Presiding Justice instructed the jury in part as follows:

"As the evidence stands, the defendant, Paul Akstin, was the owner and keeper of a dog, and if you find that his dog caused the damage complained of, he is liable, and your verdict will be for the plaintiff against Paul Akstin. Stephanie Akstin was neither the owner nor the keeper of the dog, but the plaintiff claims that she was in possession of the dog at the time. . . .

"To be the possessor of a dog, means something more than simply being present where the dog is kept. Possession means the right to control, supervise and direct. To have an animal in possession one must have the control and management of it, and be able to determine how and where it shall be kept,—or in other words, the right to direct its movements.

"If you find that the dog caused the damages complained of, and you do not also find that Stephanie was in possession of the dog at the time, there can be no recovery against her, and your verdict will be for the defendant Stephanie Akstin. If you find that the dog caused the injuries and the damages complained of, and also find that Mrs. Akstin had possession of it at the time, your verdict will be for the plaintiff against Stephanie Akstin. If your verdict is for the plaintiff against both defendants, the full amount of damages should be assessed against each. That is, you will not determine the amount of the damages and divide it by two and assess half of it against each, but you will assess the full amount, and against each, if you find both liable. This does not mean that there will be two recoveries, or that the plaintiff will be paid twice. Your task is to first determine liability, and if you find liability, then you should assess the full amount you find the plaintiff is entitled to receive against each one that you find to be liable."

The following exception was taken: "*Mr. Doyle.* The defendant wants to except to the Court's charge relative to a verdict being obtained against both parties." Read in connection with the defendant Stephanie's motion for a nonsuit, this was equivalent to an exception to the submission to the jury of the issue of Stephanie's liability.

It is unnecessary to decide whether, in view of the plaintiff's declaration, the issue of Stephanie's possession of the dog could be properly submitted to the jury at all, since, in our opinion, the evidence is insufficient to authorize a finding that she was a person who had a dog in her possession within the purview of the statute.

If the words of the statute are given their ordinary meaning, the defendant Paul was owner, keeper, and possessor of the dog. He was the head of the household despite his wife's ownership of the house (*McIntire* v. *Leland*, 229 Mass. 348, 351), and her assent to the keeping of the dog on the premises, "whether given willingly or under protest," amounted on the evidence "to nothing more than an act of wifely compliance." *Burch* v. *Lowary*, 131 Iowa, 719, 722. If it had been the legislative intention that, in such a situation, the wife should be liable as a person having a dog "in possession," words more clearly expressing that intent would undoubtedly have been chosen.

> *Judgment for the plaintiff against Paul Akstin:*
> *judgment for the defendant Stephanie Akstin.*

All concurred.