Hillsborough,
  Oct. 3, 1949. } No. 3849.

### MARY M. PANAGOULIS v. PHILIP MORRIS & CO.

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Alvin A. Lucier* and *Normand R. Pelletier* (*Mr. Lucier* orally), for the defendant.

BLANDIN, J. The crux of this case is whether reasonable men could find that the plaintiff would not have fallen down the defendant's stairs except for faulty construction of the handrail. We believe they could and therefore the case should have been submitted to the jury. *Sayfie* v. *Gordon, ante,* 182. Taking the evidence most favorable to the plaintiff (*Shimkus* v. *Caesar, ante,* 286; *Chase* v. *Company, ante,* 483) we find the plaintiff testified in part as follows:

"When I went to the landing of the stairs, I went to step down. As I went to step down, I went to get the railing. I missed and went head-first downstairs. It seemed my foot slid over the stair tread. I reached for the railing, but it seems I just couldn't get hold of it, it seemed so low, and I just went down the whole flight of stairs . . . . If I could have gotten hold of that railing, I don't think I would have fallen. . . . I know it was a low rail because I am not a very tall person, and it seemed to throw me off balance when I reached for it

and I slipped. . . . When I reached for the rail it seemed as though I couldn't find the rail. . . . That rail was low, because when I reached for it, at that time the rail was not there for me to grab."

It appears the standard height of such rails was between 30 and 32 inches. In comparing the difference in height between the defendant's rail at the time she fell and the one around the witness stand where the plaintiff was testifying and which was 31 3/4 inches high she said: "The one I reached for was much lower. I can tell when I reach for this rail that the rail in the store was much lower than this rail. . . . This one I can reach very easily."

The jury observed her while she was giving this testimony and could judge the ease with which she reached the standard rail around the witness stand. Upon all the evidence they could find the defendant was negligent in disregarding customary construction standards. *Saucier* v. *Spinning Mills*, 72 N. H. 292, 295; *King* v. *Gardiner*, 76 N. H. 442; *Wilson* v. *Bank, ante,* 113. They could find also that this disregard was the cause of her fall. If there were other contributing causes not due to the plaintiff's negligence, which is not in issue, this does not relieve the defendant. *Wilson* v. *Bank, supra,* 115, and cases cited.

Since they will probably arise at the next trial we now consider the plaintiff's exceptions to the exclusion of testimony of prior accidents and to the refusal of the Court to allow evidence of changes in the defendant's handrail at the store between the time of the accident and the view. We find no abuse of the Court's discretion in excluding testimony as to the other accidents in the absence of any offer by the plaintiff to show that they happened under similar circumstances. *Rosan* v. *Raudonis,* 87 N. H. 29, 30; *Lovett* v. *Railway,* 85 N. H. 345, 352, and cases cited; *Janus* v. *Akstin,* 91 N. H. 373, 375.

While the general rule is that evidence of changes or repairs after an accident is inadmissible (*Blais* v. *Company,* 93 N. H. 370, 373, 374; *Stanton* v. *Mills,* 94 N. H. 92, 96) this rule is subject to exceptions. *Reynolds* v. *Company,* 81 N. H. 421; *Bixby* v. *Thurber,* 80 N. H. 411, 417; see also *Smith* v. *Company,* 83 N. H. 439, 450, 451. Although it was discretionary with the Court whether to allow a view (R. L., c. 395, s. 21; *Lydston* v. *Company,* 75 N. H. 23, 26; *State* v. *Cote, ante,* 108, 111) the fact is that because of the view the jury might well have been misled as to the true picture at the time of the accident if in fact a change had since been made. Under these circumstances it was error to exclude testimony offered in behalf of the plaintiff to show the situation as she claimed it was when she fell. 170 A. L. R. 7, 60.

For the guidance of the Court on retrial if by reason of a view or testimony it should appear that the handrail is in any condition other than it was at the time of the accident, then the plaintiff's evidence as to conditions as they were when she was injured should be received with proper instructions. *Reynolds* v. *Company*, 81 N. H. 421; *Bixby* v. *Thurber*, 80 N. H. 411, 417. However, should the Court within its discretion deny a view, in the absence of other evidence showing changed conditions the general rule of exclusion must prevail. *Blais* v. *Company*, 93 N. H. 370, 373, 374.

This appears to dispose of all exceptions briefed or argued and the order is

*New trial.*

KENISON, J., was absent: the others concurred.