*Western Division*

**ALEXANDER J. ROY**

v.

**ALPHONSE GRAVEL and MARIA D. GRAVEL**

*Present:* Riley, P.J., Hobson & Garvey, JJ.

Case tried to *O'Malley, J.,* in the District Court of Springfield. No. 159442.

*Garvey, J.* In this contract action the plaintiff alleges the defendants owe him $2,000.00 for money loaned. The defendants, inter alia, pleaded the statute of limitations. After a trial the judge found for the defendants and, at the request of the plaintiff, reported the case.

His special findings show that the plaintiff loaned the defendants, relatives, $2,000.00, at which time they executed and delivered to him an unwitnessed promissory note, dated September 27, 1949, which provided for payment with interest, one (1) year after date. No payments and no extension or modification of the provisions and terms of the note were made by the parties. This action was commenced by writ dated November 10, 1960. He ruled that the statute of limitations barred the plaintiff's claim.

The plaintiff claims to be aggrieved by the denial of eight of his fourteen requests

for rulings of law. There was no error, on these facts, in the denial of the request that the evidence was insufficient to warrant a finding for the defendants. *Bresnick v. Heath,* 292 Mass. 293, 298. There was ample evidence to support this finding.

The other seven requests, denied by the judge as inapplicable to the facts found, were directed to the statute of limitations. The burden of proving that the action was seasonably commenced was on the plaintiff. *Murphy v. Kelley,* 302 Mass. 390, 391. *Sutherland v. MacLeod,* 311 Mass. 295, 296. *Mendes v. Roche,* 317 Mass. 321, 324. G. L. (Ter. Ed.) c. 260, s. 2. This cause of action accrued on September 27, 1950, at which time the six year statute of limitations began to run. *Boston Towboat Co. v. Medford Nat. Bank,* 232 Mass. 38, 41. The action was instituted ten years later.

[█ The principal argument of the plaintiff, is addressed to certain answers by the defendant Alphonse Gravel, to interrogatories, which were introduced in evidence, to the effect that on numerous occasions, subsequent to September 27, 1949, he *orally promised* to pay the plaintiff "as soon as able to do so". It is ingeniously contended that this constituted an acknowledgment or promise in writing that would toll the running of the statute of limitations, under G. L. (Ter. Ed.) c. 260, §13 which provides:

"No acknowledgment or promise shall be evidence of a new or continuing contract whereby

to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party chargeable thereby".

If a strained construction that a debtor's signed answers to interrogatories admitting a promise to pay would satisfy the requirement of "a writing", which we doubt but don't find necessary to decide, the promise on these facts was conditional on his ability to pay. The promise to pay must be unconditional. *Gillingham v. Brown*, 178 Mass. 414, 421. *Gill v. Gibson*, 225 Mass. 266. *Packard v. Ala.*, 16 Mass. App. Dec. 160, 164. "(S)uch a promise (to pay when able) is conditional and is enforceable only on proof that the ability exists." *Smith v. Graham Refrigeration Products Co. Inc.*, 333 Mass. 181, 184. There was no proof of ability here. There was no error.

Louis Kerlinsky of Springfield, for the Plaintiff.
Eugene B. Berman of Springfield, for the Defendant.