*Western District*

## No. 177

# WILLIAM E. KNOWLTON
### v.
# EDWARD BEHRS
# D/B/A SHERATON INN

Argued: Feb. 23, 1976. Decided: May 4, 1976.

Case tried to *Walsh, J.,* in the District Court of Springfield. Number: 74 C 420.

Present: Gould, P.J.; Larkin, Cimini, J.J.

**Cimini, J.** This is an action of tort to recover for damages suffered by him as a result of an attack by a dog on September 26, 1973 on the premises of the Sheraton Inn, located in Westfield, Massachusetts, owned by the defendant.

Count 1 alleges that the defendant was the owner and keeper of the dog and Count 2 alleges that the defendant failed to maintain the premises in a reasonably safe condition. The defendant's answer was a general denial, assumption of risk and that the plaintiff molested and teased the dog thereby inciting him to bite.

The trial court found for the defendant on both counts.

*There was evidence to indicate that* the plaintiff was delivering meat to the Sheraton Inn; that, at the suggestion of an employee of the defendant, he walked with said employee towards temporary living quarters being then occupied by said employee in order to observe some work that had been done by him; that prior to reaching said quarters, the plaintiff was attacked by a dog that was leashed to a tree; and that the plaintiff was not aware of the presence of the dog prior to the attack and had done nothing that could be construed as teasing or tormenting said dog or inciting him to bite.

There was also evidence to indicate that the employee had been told earlier on the same day by the defendant to get rid of the dog.

There was no evidence that the defendant was the owner of the dog and, in fact, the defendant stated that he did not know who owned the dog and that,

as far as he knew, one of his employees who lived at the Inn was taking care of him.

The plaintiff duly filed the following requests for rulings of law:

**1.** There is evidence which warrants a finding for the plaintiff.

**2.** There is evidence that warrants a finding that the owner or keeper of the dog which caused injuries to the plaintiff was in the employ of the defendant.

**3.** If the court should find that the owner or keeper of the dog which caused injuries to the plaintiff was in the employ of the defendant, then, in that event, the doctrine of "Respondeat Superior" is applicable.

**4.** The proof of a master-servant relationship can be established either by direct or circumstantial evidence.

**5.** Under the doctrine of "Respondeat Superior", a master is liable for the torts of his servant whether those torts be intentional or caused by negligence.

**6.** There is evidence to warrant a finding that the employee who was the owner or keeper of the dog that caused the injuries to the plaintiff was acting within the scope of his authority while engaged on his master's business.

**7.** In the absence of evidence that the plaintiff was teasing, tormenting or abusing the dog that caused the injuries, then the owner or keeper of the dog is strictly liable for any injuries caused by the dog. MGL Ch. 150, Sec. 155.

**8.** There is no evidence to the effect that the plaintiff was teasing, tormenting, or abusing the dog that caused the injuries to the plaintiff.

**9.** If the Court were to find that the plaintiff was contributorily negligent, this would not act as a bar to recovery by the plaintiff. G.L.c. 231, §85.

**10.** All persons lawfully on the premises are entitled to the same degree of care. *Monsey v. Ellard,* 73 Advance Sheets, 871, 297 NE 2d 43.

**11.** There is no evidence that would support a finding that the plaintiff was a trespasser on the premises.

**12.** The Doctrine of "Assumption of the Risk" is no longer applicable. G.L.c. 231, §85.

**13.** There is evidence which warrants a finding that the defendant did not keep his premises in a reasonably safe condition for the benefit of the persons invited thereon.

**14.** There is evidence which warrants a finding that the owner or keeper of the dog was engaged in the scope of his employment at the time of the injuries to the plaintiff.

The trial court made the following special findings of fact.

"This is an action of tort in two counts for injuries received as a result of being bitten by a dog. The first count is based on defendant's statutory liability as an owner or keeper and the second alleges negligence in the maintenance of premises.

After hearing all the evidence I find the following facts:

The plaintiff was not teasing, tormenting, or abusing the dog and was not in any way negligent himself. However, I do not find that the defendant was either owner or keeper of the dog or was negligent because the dog was on his premises."

The trial court denied all fourteen of the plaintiff's requests for rulings of law for being immaterial based

on his findings of fact, and the plaintiff claimed to be aggrieved by such denials.

The trial court was correct in denying the plaintiff's requests. The rule is well settled that the trial court must answer valid requests for rulings of law *unless* (emphasis supplied) it makes special findings of fact which clearly indicate that because of said findings of fact, the requests become immaterial. *Bresnick v. Heath*, 292 Mass. 293, 296 (1935).

In this instance, the trial court's special findings of fact clearly demonstrate that the denial is actually the result of a consideration of all the evidence as a question of fact.

It found that the defendant was not the owner or keeper of the dog and that the defendant was not negligent merely because the dog was on his premises. These are all questions of fact which are amply substantiated by the evidence.

Indeed, not only did the trial court deal correctly with the plaintiff's requests for rulings of law (denying them for being immaterial because of his findings of fact) but also because said findings of fact required his ultimate finding for the defendant.

In regards to the doctrine of "respondeat superior", it clearly does not apply here unless the court chooses to broaden the doctrine to include *all acts* (emphas supplied) done by all employees. It is fundamental that the principal is not responsible for the acts of his agent done outside the real or apparent scope of his authority. In this case, the employee had been ordered to get rid of the dog. *O'Leary v. Fach*, 245 Mass. 123 (1923).

There was no prejudicial error.

**The report is dismissed.**