Welsh, P.J.
This is a civil action in which the plaintiff seeks to recover for personal injuries and other damages occasioned by her fall against a sharp end of a piece of channel iron forming the frame of an “interleafing transfer car,” a portion of the conveyor system on which she was working at the premises of her employer. She brings the action against the company who designed and installed the system, contending that its negligence in the design, installation and assembly caused the injuries she sustained.
The answer denied any negligence on the part of the defendant, and averred that the plaintiff was comparatively more negligent.
The trial judge found for the defendant and the plaintiff requested a report.
The plaintiff, claiming to be aggrieved in that some of the court’s special findings of fact are clearly erroneous and contrary to the weight of the credible evidence, sought and obtained a report to the Appellate Division.
At the trial, there was evidence from the plaintiff and a co-worker which tended to show that when the conveyor system was installed, the sharp ends of the channel iron which formed the frame of the transfer car were not bevelled or protected; that the plaintiff’s injuries were sustained when she fell against the unprotected, unbevelled ends of the channel iron whieh had been fabricated into the transfer car. There was also evidence that the plaintiffs employer (not the defendant) bevelled the sharp ends of the channel iron after the plaintiff was injured.
The president of the defendant corporation testified that it was the customary practice of the defendant to bevel the ends of the channel iron for the safety of the users of the equipment; that the defendant had the means to accomplish this. He also testified that he had no personal knowledge as to whether the particular end of the channel iron which formed the frame of the transfer car had been bevelled before the plaintiff’s injury.
The court rendered special findings of fact. The four cited by the plaintiff as being clearly erroneous and contrary to the weight of the evidence are as follows:
6. The ends of the channel iron forming the frame of the car was [sic] bevelled or rounded off on September 8,1979, the date of the injury.
8.1 find that the defendant was not negligent nor did it fail to comply with its own safety practices or procedures in the design, assembly or installation *34 of the unit.
9.1 find that the car was not defective or dangerous in anyway and that the defendant used reasonable care for the safety of the users of this equipment.
10. I find no hidden, forseeable or apparent dangers presented to the plaintiff while using said equipment.
The ¡report included the required statement that it contained all of the evidence material to the questions reported.
We determine that there was no prejudicial error and order that the report be dismissed.
The principal thrust of the plaintiffs argument in this appeal is an attack upon certain of the judge’s special findings of fact, claiming that they lack support from the evidence. The bald answer to such a contention is that the sufficiency of evidence to support a finding of fact isnotopenfor review in an Appellate Division, in the absence of duly presented requests for rulings specifically raising the question whether or not such findings were warranted upon the evidence. Reid v. Doherty, 273 Mass. 388, 389 (1930); Segal v. Allied Mutuals Liability Ins. Co., 285 Mass. 106, 109 (1934). No question of the correctness of the finding for the defendant, except as such finding is affected by error in rulings of law, is presented by a report to an Appellate Division. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 221 (1936). Although doubtlessly the general finding for the defendant implies a ruling of law that such a finding is warranted, a report of such a finding is not sufficient to bring such implied ruling before the Appellate Division. Spreda v. Kessel, 310 Mass. 588, 589 (1942). The refusal on the part of Appellate Divisions to review findings of fact stems not so much from considerations of sound judicial policy or from stare decisis; rather, it is the natural consequence of the proposition that Appellate Divisions lack the jurisdiction to do so. James J. Derba, Inc. v. Hamilton Serv., Inc., 355 Mass. 127, 130 (1969); Bushnell v. Bushnell, 393 Mass. 462, 475 (1984). See Cueroni v. Coburnville Garage, Inc., 315 Mass. 135, 138-139 (1943).
• In. this case, the only matter upon which a report was claimed was the contention that certain of the findings were clearly erroneous. Such a claim of report presents no question of law to the Appellate Division. Massachusetts General Hospital v. Quincy, 348 Mass. 791 (1965). The necessity of requests for rulings as a vehicle to direct the trial judge’s focus of attention to the issue of the sufficiency of evidence to support a general or special finding was brought home in the relatively recent case of Worcester County National Bank v. Brogna, 386 Mass. 1002, 1003 (1982). Compare Sechrest v. Safiol, 383 Mass. 568, 570, n.3 (1981).
We fully appreciate that this rehearsal of the decisional law as to the power of Appellate Divisions to review the sufficiency of evidence reveals nothing that is novel; yet, the frequency with which Appellate Divisions are presented with appeals attempting to obtain review of findings of fact not involved in rulings of law suggests such a recapitulation is in order. Cf. DiGesse v. Columbia Pontiac Co., Inc. 369 Mass. 99, 105-106 (1975) (reiteration of well-settled principles relative to requests for rulings as to sufficiency of evidence).
The futility of appellant’s position may be demonstrated, as follows: The judge found that the defendant was negligent. Unless all material facts are agreed or unless by virtue of binding judicial admissions or binding testimony the liability of the defendant is established conclusively, the question of negligence is nearly always a question of fact. Zezuski v. Jenny Manufacturing Co., 363 Mass. 324, 327 (1973). What prompted the judge to reach that *35 conclusion cannot be ascertained from the somewhat meagre summary of evidence in the report. As was stated in Ashapa v. Reed, 280 Mass. 514 (1932):
The burden of proof was upon the plaintiffs to sustain by a fair preponderance of the evidence their allegations of negligence on the defendant’s part. The trial judge was not bound to believe any evidence even though it were uncontradicted. Whether one has been guilty of negligence is commonly a question of fact. The findings in favor of the defendant cannot be pronounced erroneous as a matter of law. Id. at 516-517.
In the case of Engel v. Checker Taxi Co., 275 Mass. 471(1931), the Supreme Judicial Court made the point that a finding of the absence of negligence on the part of a defendant does not, in itself, present a question of law on appeal. The court stated:
It is too plain for discussion that a finding for the defendant in a case where the evidence is chiefly oral presents no question of law.
The fact finding tribunal is not required to give credit to any evidence tending to prove facts essential to the plaintiff’s right of recovery, (citation omitted) Id. at 476.
The finding that the defendant was not negligent cannot, on the basis of the meager record before us, be pronounced unsupported by evidence and must be accepted as final. Loanes v. Gast, 216 Mass. 197, 199 (1913); Castano v. Leone, 278 Mass. 429, 432 (1932). The simple narrative contained in the report would not entitle the plaintiff to a ruling that, as a matter of law, the defendant was negligent. See Mericantante v. Boston & Maine R.R., 291 Mass. 261, 262 (1935). We emphasize that the question presented on this appeal is not whether a finding of negligence is permissible on the evidence summarized in the report.
Plaintiff attempts to advance her contention that the judge erred in finding that the defendant was not negligent by the argument that the judge impermissibly inferred that the channel iron upon which the plaintiff fell was bevelled at the date of the accident, in the absence of any competent evidence from which such a fact might properly be inferred. As noted, this argument fails because of the absence of a ruling of law as to the sufficiency of evidence to warrant such a finding. Apart from this, there is no necessary causal connection between the judge’s finding as to the condition of the channel iron on the date of the accident and his more general finding that the defendant was not negligent. If we were to assume favorably to the plaintiff’s case that the judge’s finding as to the condition of the channel iron on the date of the accident was not warranted, the appellant has not demonstrated such assumed erroneous finding tainted the more general finding on the issue of the defendant’s negligence. The burden rests upon a party who seeks reversal of the trial judge’s decision to insure that the record on appeal manifests that error of law was committed prejudicial to his rights. MacDonald v. Adamian, 294 Mass. 187, 190 (1936).
We cannot discern any error prejudicial to the rights of the plaintiff. It is ordered that the report be dismissed.

So ordered.