Ruma, J.
This is an action in contract to recover a total balance of $18,000.00 due on three promissory notes payable to plaintiff Frank R. Equi in his individual capacity, and executed by the plaintiff and defendants Arthur Licari and John Markos collectively, as trustees of the Ipswich Bay Realty
Trust.
The reported evidence discloses that the notes in question contained the following terms:

Face Value Date Executed Date Due

$10,000.00 September 15, 1973 March 15, 1974
5,000.00 November 2, 1973 May 2, 1974
3,000.00 March 12, 1974 June 10, 1974
Written demand for payment of these notes was made by the plaintiff on September 10, 1984. The present suit was instituted shortly thereafter upon the defendant’s failure to make payment or otherwise respond to the plaintiffs demand.
The defendants submitted a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summaryjudgment on the grounds that this action was barred by the six year statute of limitations set forth in G.L.c. 260, §2.
In opposition to said motion, the plaintiff filed an affidavit contending that the defendants were estopped from asserting a limitations defense because they had deceived and induced the plaintiff into foregoing any action for payment of the notes. The plaintiffs affidavit in opposition to the motion for summaryjudgment specifically averred, inter alia, (1) that the defendants made continuing, oral representations between 1974 and 1984 that the notes “would be paid in full, together with accrued interest, once all necessary and *182 unavoidable expenses for the repair and upkeep of the properties owned by the Trust were completed;” (2) that acknowledgments or written assurances or payment were forwarded to the plaintiff in the form of annual, financial statements for the Trust in which the notes were continued as outstanding liabilities; (3) that these reports were prepared by one George S. Tsoutsouras, an accountant engaged by the defendants to audit and prepare financial statements on behalf of the trust; and (4) that the plaintiff resided out-of-state and thus depended on the defendants, as his business partners, to keep him informed of the financial status of their joint undertaking.
In support of their Rule 56 motion, the defendants submitted personal affidavits in which they denied making any promises or giving any assurances with respect to payment of the notes. The defendants further averred that they did not verify or sign financial statements prepared by Mr. Tsoutsouras; that such statements were prepared at the behest and in accordance with the instructions of the plaintiff; and that such statements were based exclusively on figures provided by the plaintiff. An affidavit of George S. Tsoutsouras was also filed in support of the defendants’ summaryjudgment motion. Tsoutsouas stated that the financial statements were designed for the internal use of the management of the Trust and constituted management’s representations. Tsoutsouras further averred that he neither audited the Trust, nor verified the representations made, but “dealt mainly with Frank R. Bqui and his private accountant in compiling the information provided in these statements.”
The trial court allowed the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment, ruling that demand was not made and suit was not commenced within the time allowed by the applicable statute of limitations. The plaintiff is before the Appellate Division on a charge of error in the trial court’s disposition or defendant’s Rule 56 motion.
1. It is a well established tenent of procedural policy in this Commonwealth that summaryjudgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56 is an “excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976). See also Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 545 (1979); Cassesso v. Commissioner of Correction,, 390 Mass. 419, 422 (1983). Actions on promissory notes are particularly suited to summary disposition because determinative issues as to execution and balance due are most commonly resolved pretrial. United States Trust Co. of N.Y. v. Herriott, 10 Mass. App. Ct. 297, 320 (1980).
Despite the salutary purpose of summary judgment, however, Rule 56 neither encourages nor permits a “trial by affidavits.” Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1983), quoting from Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 603 (1936). A motion for summaryjudgment must be denied if a genuine, material issue of fact exists which requires a trial on the merits. A Rule 56 motion compels a trial justice “to look beyond the formal allegations of fact in the pleadings and to determine whether further exploration of the facts is necessary.” Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 87 (1984). In so doing, facts alleged in the pleadings, affidavits and other supporting materials, and all inferences to be drawn therefrom, must be viewed in the light most favorable to the party opposing the summary judgment motion. Coveney v. President & Treasurer of College of Holy Cross, 388 Mass. 16, 17 (1983); Salem Building Supply Co. v. J.B.L. Construction Co., 10 Mass. App. Ctr. 360, 365 (1980) and cases cited.
2. No factual controversy surrounds the operative dates of the promissory *183 notes in question, or the expiration of the controlling statutory period of limitations herein. Pursuant to G.L.c. 260, §2, an action upon the promissory notes executed in this case must be commenced within six years after the cause of action accrues.[2] Mendes v. Roche, 317 Mass. 312, 324-325 (1945); National Shawmut Bank of Boston v. Fitzpatrick, 256 Mass. 125, 131 (1926). General Laws c. 106, §3-122(1)(a) provides that “a cause of action against a maker .. . accrues in the case of a time instrument on the day after maturity.” Krasnow v. Krasnow, 253 Mass. 528 (1925). It is clear that the plaintiff s claim for balances due on the three 1974 notes in question was barred as amatter of law by the statute of limitations.
3. It is equally evident that the six year limitations period was not tolled, and the plaintiffs cause of action not revived, by any acknowledgment of the defendants’ continuing debt. Pursant to G.L.c. 260, §13, evidence must be advanced of an acknowledgement or new promise to pay a debt “made by, or contained in, a writing signed by the party chargable thereby” in order to overcome the statutory time bar to the commencement of suit. Neither the defendants’ alleged oral promises to make payment on the notes, nor the unsigned financial statements in question, constituted a written, signed acknowledgement of a continuing financial obligation within the purview of G.L.c. 260, §13. See, e.g., Winchester v. Sibley, 132 Mass. 273 (1883); Roy v. Gravel, 23 Mass. App. Dec. 155, 157-158 (1961).
4. Once a limitations bar is effectively praised or pleaded, the burden is upon the plaintiff either to establish that the action has been seasonably commenced, or to advance facts sufficient to take the case out of the statute of limitations. Horning v. Horning, 6 Mass. App. Ct. 109, 110, n. 3 (1978); Teller v. Schepens, 381 Mass. 621, 623 (1980). In endeavoring to satisfy this burden and simultaneously defeat the defendants’ summaryjudgment motion, the plaintiff herein has asserted the defense of estoppel. Estoppel is an “equitable doctrine which is available to meet a defense founded on the statute of limitations.” Baglio v. New York Central R.R., 344 Mass. 14, 19 (1962). Cases in which a defendant has been deemed estopped to set up the statute as a defense involve
statements of the defendant [which] lulled the plaintiff into the false belief that it was not necessary for him to commence action within the statutory period of limitations . . . [where] the plaintiff was induced by these statements to refrain from bringing suit, as otherwise he would have done and was thereby harmed, and [where] the defendant ‘knew or had reasonable cause to know that such consequences might follow.’
Ford v. Ragovin, 289 Mass. 549, 552 (1935). In evaluating this or any other ground for avoidance of the statute of limitations, it is prudent to remain cognizant of the fact that such statutes are “vital to the welfare of society .. . They promote repose by giving security and stability to human affairs ... [and] encourage plaintiffs to bring actions within prescribed deadlines when evidence is fresh and available.” Olsen v. Bell Telephone Labs, Inc., 388 Mass. 171, 174 (1983). It is perhaps for this reason that a general rule prevails that the doctrine of estoppel “is not applied except when to refuse it would be inequitable.” Corea v. Board of Assessors of Boston, 384 Mass. 809 (1981), quoting from Boston & Albany R.R. v. Reardon, 226 Mass. 286, 291 (1917). See also Saugus v. Refuse Energy Systems Co., 388 Mass. 822, 830 (1983).
An assessment of the plaintiffs chances of successfully asserting the *184 doctrine of estoppel in this case is not, however, germane at this stage of the proceedings. The Appellate Division’s review is limited to a consideration of whether the plaintiff has averred sufficient, specific facts, see First Nat’l Bank of Boston v. Slade, 379 Mass. 243, 246 (1979); Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct. 800, 805 et seq. (1981), to raise a triable issue as to the operation herein of grounds for such estoppel. The plaintiffs affidavit must be examined for factually detailed allegations of inducement and detrimental reliance. Wheeler v. Springfield Sugar & Products Co., 15 Mass. App. Ct. 979, 980 (1983).
It would appear unnecessary to consider the significance of the Trust financial statements herein, for the plaintiffs allegations of oral assurances of payment made by the defendants maybe deemed marginally sufficient to raise a triable issue of fact on the matter of estoppel. Although the alleged representations, as related in the plaintiffs affidavit, are devoid of any direct reference to the lack of necessity for legal action by the plaintiff, the defendants’ continuing statements of their intention to make full payment on the promissory notes in question at least arguably cast doubt on the fairness of the defendants’ assertion of a limitations defense herein. Compare, as to nature and sufficiency of representations, Knight v. Lawrence, 331 Mass. 293, 296-297 (1954); Baglio v. New York Central R.R., at 19-20; LaBonte v. New York, N.H. & Hartford R.R. at 131-132; McKeen v. Kasinskos, 333 Mass. 695, 697 (1956). The absence of bad faith or actual fraud on the part of the defendants in making their alleged statements would not automatically preclude the operation of an estoppel herein.
[I]t is not necessary to charge deceit, bad faith or actual fraud. Facts falling short of these elements may constitute conduct contrary to general principles of fair dealing and to the good conscience which ought to actuate individuals and which it is the design of the court to enforce. It is in the main to accomplish the prevention or results contrary to good conscience and fair dealing that the doctrine of estoppel has been formulated and taken its place as part of the law.
McKeen at 698. See also McLearn v. Hill, 276 Mass. 519, 524 (1931). Moreover, matters involving fraud, intent, knowledge or subjective feelings generally present questions of fact, Mongeau v. Boutelle, 10 Mass. App. Ct. 24, 253-254 (1980); Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979), which should only be resolved on a motion for summaryjudgment with “great circumspection.” A. John Cohen Ins. Agency v. Middlesex Ins. Co., 8 Mass. App. Ct., 178, 183 (1979).
A party’s reliance on the words or conduct of another in postponing legal action beyond the limitations period must also be held reasonable if an estoppel is to be found. White v. Peabody Construction Co., 386 Mass. 121, 135 (1982); LaBonte at 131. A determination of reasonableness is a question of fact, however, the existence of which would further militate against any summary disposition herein pursuant to Rule 56. Similarly, the defendants’ denial byway of affidavit of any such assurances or promises to make payment on the notes in question neither defeats the plaintiffs reliance on an estoppel theory, nor supports the validity of the trial court’s summary judgment. Questions of credibility are not properly decided under Rule 56. Junkins v. Slender Woman, Inc., 7 Mass. App. Ct. 878 (1979).
Finally, the materiality of the fact questions delineated by the plaintiff in opposition to the court’s entry of summary judgment is obvious. In the absence of circumstances creating an estoppel herein, the defendants’ assertion of a State of Limitations defense will effect a complete bar to any legal remedy for
*186 keeper . .. shall be liable for such damage ...” See Rossi v. DelDuca, 344 Mass. 66, 68-69 (1962); Curran v. Burkkardt, 310 Mass. 466, 466-467 (1941); Canavan v. George, 292 Mass. 245, 247 (1935). The mere ownership of premises upon which a dog is kept does not alone render the property owner liable as a keeper of the dog, even where the dog continues upon the premises with the knowledge, acquiescence or even permission of the property owner. Whittemore v. Thomas, 154 Mass. 347, 349 (1891). See also, McIntire v. Leland, 229 Mass. 348, 351 (1918); Boylan v. Everett 172 Mass. 453, 457 (1899). A “keeper” is one who cares for or maintains a domestic animal, or who harbors the animal with an assumption of custody, management and control. Maillet v. Mininno, 266 Mass. 86, 89 (1929). See also, Roller v. Duggan, 346 Mass. 270, 271-272 (1963), Anderson v. Middlebrook, 202 Mass 506., 509 (1909); McLaughlin v. Kemp, 152 Mass. 7, 8-9 (1890).
Whether a person is the keeper of a dog within the purview of G.L.c. 140, § 155 presents a question of fact for the trial court. Siira v. Shields, 360 Mass. 874 (1972), Knowlton v. Behrs, 58 Mass. App. Dec. 95, 99 (1976). The report in the instant case is not devoid of evidence to support the trial court’s subsidiary finding that defendant Sally Morse was a keeper of the dog in question. There was thus no error in the trial court’s disposition of requests 1 through 6. Further, no request for ruling was filed by the defendant to test the legal sufficiency of the evidence to sustain a finding for the plaintiff against Sally Morse. Accordingly, such issue was not before us. Toupence v. Easton Materials Handling Equip., Inc., 1985 Mass. App. Div. 33, 34; New England Copy Specialists, Inc. v. Massachusetts State Pharmaceutical Assoc. 1983 Mass. App. Div. 139, 140.
There being no error, the report is dismissed.

 The notes in question were not part of the report filed with the Appellate Division, but were reviewed by the panel after request was made to counsel for plaintiff to provide them. None of the notes would be governed by G.L.c. 260, § 1 calling for a twenty year statutory period of limitations.